**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROY KENT RODGERS, #1808455,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0232-G-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Petitioner, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be summarily dismissed.

## I. BACKGROUND

A jury found Petitioner guilty of sexual abuse of a child and assessed punishment at 70 years' imprisonment.  *State v. Rogers* , No. F11-58855 (Criminal District Court No. 7, Dallas County, 2012), *aff'd*., 442 S.W.3d 547 (Tex. App. – Dallas, 2014, pet ref'd).  Petitioner's application for state habeas relief was unsuccessful.  *Ex parte Rogers*, No. WR-83,347-01 (Tex. Crim. App. Jul. 1, 2015) (application denied without written order).[1]

In the sole ground raised in his federal petition, Petitioner asserts the trial court erred by allowing the jury to "change" its guilt/innocence verdict during the punishment phase of trial from indecency with a child by contact to continuous sexual abuse of a child, disregarding the bifurcated process of the guilt/innocence phase and punishment phase of a trial.  Doc. 3 at 6.

---

[1] Available online at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,347-01&coa=coscca.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).

Even liberally construed, Petitioner's pleadings do not present a cognizable basis for federal habeas corpus relief.  *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States.").  The sole argument presented to the state courts on direct appeal and in the petition for discretionary review (PDR) focused exclusively on state law.  Indeed, in the first paragraph of the PDR, appellate counsel conceded the argument raised "present[ed] a unique issue . . . in this State's jurisprudence."  *State v. Rogers* , No. PD-0825-14, *Petition for Discretionary Review* at 2 (Tex. Crim. App. filed July 14, 2014).[2] Additionally, the court of appeals' opinion addressed only the unresolved state law issue:

> [T]he record reflects that during the punishment phase, the trial court received information from the jury foreman, through the bailiff, that the original verdict of guilty of indecency with a child was not the decision of the jury. Instead, as affirmed by the jury foreman and every other juror after polling, the jury unanimously intended to find appellant guilty of continuous sexual abuse of a young child. The jury had not been discharged nor had it separated at the time the mistake was discovered and the trial court allowed the mistake to be corrected. The trial court's decision is consistent with court of criminal appeals opinions permitting jurors who have been dismissed, but have not separated and are still in the court's presence, to correct their verdict after the trial court becomes aware of a problem with the verdict. *See Webber v. State*, 652 S.W.2d 781, 782 (Tex.Crim.App.1983); *West v. State*, 170 Tex.Crim. 317, 340 S.W.2d 813, 814–15 (1960).  Appellant has cited no authority that prohibits the trial court from allowing the jury to correct its mistake to reflect the jury's true decision on guilt/innocence when the mistake is first discovered during the punishment phase

---

[2] Available online at http://www.search.txcourts.gov/Case.aspx?cn=PD-0825-14&coa=coscca.

of the trial. In fact, the jury verdict is not complete until a verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07(3)(c). Accordingly, we conclude the trial court did not err by permitting the jury to correct its verdict.

In reaching our conclusion, we necessarily reject appellant's contention that the trial court's action "usurped the bifurcated trial process required by the code of criminal procedure." As noted, appellant cites no authority precluding the trial court's action. Moreover, as appellant points out, the bifurcated procedure was designed to "take the blindfolds off ... when it came to assessing punishment ... thus allow[ing] evidence critical to an enlightened determination of punishment ...." *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App.2006) (quoting *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App.1998)). For that reason, what is admissible as relevant to punishment "is no longer constrained by considerations of what is patently inadmissible at the guilt phase of trial." *See Sims v. State*, 273 S.W.3d 291, 294 (Tex. Crim. App. 2008). These considerations are not implicated in the case before us because the jury decided the guilt/innocence of appellant before the punishment phase began. The jury simply did not realize its error in the written form of the verdict until the punishment phase was underway. We overrule appellant's first point of error.

*Rodgers v. State*, 442 S.W.3d 547, 551-552 (2014).

It is not the function of a federal habeas court to review "a state's interpretation of its own law." *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir.1995) (citing *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983)). Federal habeas courts "do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Porter v. Estelle,* 709 F.2d 944, 957 (5th Cir.1983) (citation omitted). Moreover, it is well established that "[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure, but 'may intervene only to correct wrongs of [federal] constitutional dimension.'" *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988).

Here, Petitioner has wholly failed to allege, much less demonstrate, the existence of any error of federal constitutional magnitude, and merely restates his state law claim. Even assuming a state law violation, this Court would be "without authority [on habeas review] to correct a

simple misapplication of state law," and "may intervene only to correct errors of constitutional significance." *Smith v. Whitley*, 18 F.3d 937, at *1 (5th Cir. 1994) (unpublished *per curiam*); *Lavernia*, 845 F.2d at 496 (when a federal court is presented with a habeas petition alleging a violation of state criminal procedure, the only inquiry is "whether there has been a constitutional infraction of the defendant's due process rights which would render the [proceeding] as a whole 'fundamentally unfair.'").  *See Charles v. Thaler*, 629 F.3d 494, 500-501 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law.") Accordingly, Petitioner is entitled to no relief and his petition should be summarily dismissed.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be summarily **DISMISSED WITH PREJUDICE**.

SIGNED March 2, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE